*407
 
 GROSS, C.J.
 

 This case involves the competing fee claims of the assignee of a foreclosed property owner and a surplus trustee appointed by the clerk of the court. To decide the case, we must construe the provisions of sections 45.031-45.034, Florida Statutes (2007). We hold that the trial court did not abuse its discretion by dividing statutory fees between an assignee who did not comply with the time limits of section 45.083(3) and a surplus trustee properly appointed by the clerk.
 

 Tracy and Ronald McKenzie owned a home in Broward County, Florida. Pursuant to a final judgment of foreclosure, the clerk sold the property on February 15, 2007, at a foreclosure sale for $265,000. After disbursement of the sale proceeds, there remained a surplus of about $139,000.
 

 On March 9, 2007, Ronald signed an assignment of interest agreement with appellant National Equity Recovery Services, Inc., which was qualified as a surplus trustee in foreclosure actions under section 45.034. National Recovery intervened in the foreclosure lawsuit and obtained an order on May 29, 2007 that disbursed Ronald’s 50% of the surplus proceeds. Tracy’s portion of the surplus proceeds continued to be held by the clerk.
 

 On August 22, 2007, pursuant to section 45.032(3)(c), the clerk appointed Home-works Recovery Services, LLC as a surplus trustee for the remaining surplus funds. On October 1, 2007, Homeworks secured an order disbursing 2% ($1,375.08) of the surplus as a statutory “cost advance.”
 
 See
 
 § 45.034, Fla. Stat. (2007).
 

 After disbursement of the cost advance, on October 15, 2007, Tracy executed an assignment of interest agreement with National Equity. Based on this assignment, National Equity moved to intervene and secure disbursement of the remaining surplus on October 22. After a hearing on November 8, the trial court found that (1) Tracy’s assignment “was entered into in good faith with no intent to defraud” and (2) that the clerk appointed Homeworks in good faith. The court ruled that Home-works and National Equity should split the fees, with National Equity receiving 6% of the surplus funds and Homeworks 4% of the money. The court ordered the remaining 90% of the surplus to be disbursed to Tracy. National Equity challenges this order on appeal.
 

 The primary purpose of the surplus trustee provisions of sections 45.031 to 45.034 is to provide a mechanism to locate the owner of record so that a surplus can properly be distributed.
 
 See
 
 § 45.034(6), Fla. Stat. (2007). The statute also allows for an assignment of the right to collect a surplus to an assignee that “is qualified as a surplus trustee, or could qualify as a surplus trustee, pursuant to s. 45.034.” § 45.033(3)(d), Fla. Stat. (2007). The stab ute thus allows for assistance to an unsophisticated property owner in foreclosure, while capping the owner’s exposure to fees and costs at twelve percent.
 
 See
 
 §§ 45.033(3)(e), 45.034(7), Fla. Stat. (2007).
 

 After a foreclosure sale, the clerk must file a certificate of disbursements specifying the total disbursements and the surplus, if any. § 45.031(7)(b), Fla. Stat. (2007). The required statutory notice in the certificate states that after 60 days from the sale, only the owner of record “as of the date of the lis pendens” in the case may claim the surplus.
 

 As Tracy did in this case, the statute allows an owner of record to assign her rights to a surplus and permits the assign-ee to secure release of the surplus from the clerk for distribution to the owner.
 
 See
 
 § 45.033, Fla. Stat. (2007). Among other requirements, a valid assignment un
 
 *408
 
 der the statute must be “filed with the court on or before 60 days after the filing of the certificate of disbursements.” § 45.0S3(3)(b), Fla. Stat. (2007). Here, National Recovery did not obtain or file an assignment from Tracy within the 60-day time frame. This triggered the application of section 45.033(5) which provides:
 

 If the court finds that a voluntary transfer or assignment does not qualify under subsection (3) but that the transfer or assignment was procured in good faith and with no intent to defraud the trans-feror or assignor, the court
 
 may
 
 order the clerk to pay the claim of the transferee or assignee after payment of timely filed claims of subordinate lienholders.
 

 (Emphasis added). Tracy’s assignment did not “qualify under subsection (3)” because it was untimely filed, so the decision to award fees to National Equity was discretionary (“the court
 
 may
 
 order the clerk to pay the claim of the ... assignee”) (emphasis added) with the circuit judge. Where an assignment complies with section 45.033(3), the decision to award fees to the assignee is not discretionary; section 45.033(4) provides that the court “shall honor” an assignment that “complies with the requirements of subsection(3), in which case the court
 
 shall order
 
 the clerk to pay” the assignee from the surplus.
 

 The clerk properly appointed Home-works as a surplus trustee under the statute. If no claim for a surplus is filed during the 60 days after the clerk issues a certificate of disbursements, the clerk “shall appoint a surplus trustee from a list of qualified surplus trustees as authorized in s. 45.034.” § 45.032(3)(c), Fla. Stat. (2007). The clerk prepared and filed a “notice of appointment” of the surplus trustee on August 22, 2007. On October 2, 2007, Homeworks obtained an order awarding the “2 percent” cost advance allowed by section 45.034(7)(a).
 

 Not until mid October did National Equity obtain an assignment from Tracy. Because the trial court found that the assignment was entered into in good faith, with no intent to defraud, it had the discretion to award fees to National Equity.
 

 National Equity contests the award of 4% of the surplus to Homeworks. It argues that Homeworks did not “obtain[ ] a court order disbursing the surplus to the owner of record.” § 45.034(7)(b), Fla. Stat. (2007).
 

 Our decision is controlled by the abuse of discretion standard applicable under section 45.033(5). The court’s order indicates that the case was heard on November 8, 2007. No transcript of the hearing was provided. There is nothing in the record to indicate that the trial court abused its discretion by its decision to divide the statutory trustee fees.
 

 Affirmed.
 

 FARMER, J., and MAASS, ELIZABETH, Associate Judge, concur.