# Third District Court of Appeal

## State of Florida

Opinion filed January 25, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2723
Lower Tribunal No. 09-34679
_____

**Estate of Enemencia de los Santos,**
Appellant,

vs.

**National Equity Recovery Services, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Michael Farrar, for appellant.

Law Office of Rafael De Araujo, P.A., and Rafael De Araujo, for appellee.

Before WELLS and SCALES, JJ., and SHEPHERD, Senior Judge.

SCALES, J.

The Estate of Enemencia de los Santos ("Estate") appeals an order granting

National Equity Recovery Services, Inc. ("NERS") fees in the total amount of

$2,292.44 for its services as a surplus trustee under section 45.034 of the Florida Statutes. Although we conclude that NERS is entitled to seek payment, we reverse and remand the case to the trial court to conduct an evidentiary hearing to determine the appropriate amount of such statutory fees.

During the pendency of a foreclosure action against a condominium unit owned by Enemencia de los Santos, Ms. de los Santos died. After final judgment of foreclosure was entered in favor of the lender and after the foreclosure sale – from which a surplus in the amount of approximately $19,000 went unclaimed – the trial court appointed NERS to locate the owner of these surplus funds. Under the statute, NERS had one year from its appointment on February 4, 2013, to locate the owner. § 45.034(6), Fla. Stat. (2013).

In the meantime, a summary administration was established in probate court for the Estate. The heirs of the Estate learned about the surplus foreclosure funds before NERS identified the heirs. Summary administration of the Estate completed on August 29, 2013. After obtaining the order of summary administration, the heirs sought disbursement of the surplus foreclosure funds, obtaining an order from the trial court for this purpose on September 24, 2013. The heirs did not provide notice to NERS of the disbursement hearing.

NERS objected to the disbursement in January of 2014. NERS sought payment from the Estate of its statutory two percent cost advance and its statutory

ten percent service charge from the total foreclosure surplus. § 45.034(7), Fla. Stat. (2013). The trial court agreed with NERS and ordered the Estate to pay NERS $2,292.44, representing twelve percent of the foreclosure surplus. The Estate has challenged the order on several grounds.

We conclude that once NERS had been appointed as surplus trustee, the trial court should not have disbursed surplus foreclosure funds to the heirs without notice to NERS of the disbursement hearing. At such a hearing, the trial court has the discretion to determine the surplus trustee's entitlement to a cost advance and service charge, even though circumstance might have contrived against the surplus trustee obtaining a disbursement order. Nat'l Equity Recovery Servs., Inc. v. MidFirst Bank, 8 So. 3d 406, 408 (Fla. 4th DCA 2009). In this instance, NERS did not obtain a disbursement order because it learned, before the one-year deadline for completing its work, that the funds already had been disbursed to the heirs.

We reverse the order on appeal and remand the case to the trial court for an evidentiary hearing that will allow NERS to establish its right to a two percent cost advance and to demonstrate, based on its performance as the appointed surplus trustee, its entitlement to a service charge.

Reversed and remanded with instructions.

WELLS, J., concurs.

SHEPHERD, Senior Judge, concurring.

I concur in the reversal of this case for further proceedings, but only on due process grounds, because it appears from the record that National Equity Recovery Services, Inc. (NERS) did not receive notice of the hearing on the order of disbursement, despite the fact that NERS had been appointed surplus trustee pursuant to section 45.032(3)(c) of the Florida Statutes more than nine months before the disbursement.

I write only to add that I believe it is premature for the majority to order an evidentiary hearing "to determine the appropriate amount of statutory fees." NERS' entitlement to a fee in this case is strictly governed by statute:

> (7) A surplus trustee is entitled to the following service charges and fees which shall be disbursed by the clerk and payable from the surplus:
>
> (a) Upon obtaining a court order, a cost advance of 2 percent of the surplus.
>
> (b) Upon obtaining a court order disbursing the surplus to the owner of record, a service charge of 10 percent of the surplus.

§ 45.034(7), Fla. Stat. (2013).

Placing its primary reliance on National Equity Recovery Services, Inc. v. MidFirst Bank, 8 So. 3d 406 (Fla. 4th DCA 2009), the majority suggests the

requirements of the statute are discretionary. I disagree. Absent true legerdemain by the heirs or their counsel (see Maj. Op. at p. 3 suggesting "circumstances may have contributed against the surplus trustee obtaining a disbursement order"), NERS must satisfy the plain language of section 45.034(7) in order to recover any cost advance or service fee.

National Equity Recovery Services, Inc. v. MidFirst Bank is distinguishable from the case before us because in that case, there were two competing, eligible recipients of the ten-percent service fee in question in the case. One of them, Homeworks Recovery Services had obtained the two-percent cost advance by court order in its capacity as the statutorily appointed surplus trustee as authorized by the statute in existence at the time. See § 45.034(7), Fla. Stat. (2007). The other, the same NERS that is a party to this case, secured the actual release of the surplus funds and was found by the district court to have an equal claim with Homeworks Recovery Services on the service fee in its capacity as the statutory assignee of the owner of the funds under a related provision of the surplus recovery law. See § 45.033(3), (5), Fla. Stat. (2007). It was under this set of facts that the court ordered a division of the service fee.

In this case, we do **not** have two competing, legally entitled entities, both of whom have performed a service. Rather, we have a single entity, NERS, which is entitled to a fee only if it satisfies certain statutory requirements. MidFirst Bank

5

cannot be read to authorize discretionary disbursements of the statutory service fee in all circumstances.

Accordingly, on the facts of this case, I would remand for consideration of whether NERS satisfied the requirements of section 45.034(7) and, if not, whether it has any legal defense, such as legerdemain by the heirs and their counsel, for not doing so.[1]

---

[1] Since we are unwinding the entire proceeding, the heirs should also be permitted to pose any challenges they have to the statute itself, including takings challenges.