SCALES, J.
The Estate of Enemencia de los Santos (“Estate”) appeals an order granting National Equity Recovery Services, Inc. (“NERS”) fees in the total amount of $2,292.44 for its services as a surplus trustee under section 45.034 of the Florida Statutes. Although we conclude that NERS is entitled to seek payment, we reverse and remand the case to the trial court to conduct an evidentiary hearing to determine the appropriate amount of such statutory fees.
During the pendency of a foreclosure action against a condominium unit owned by Enemencia de los Santos, Ms. de los Santos died. After final judgment of foreclosure was entered in favor of the lender and after the foreclosure sale — from which a surplus in the amount of approximately $19,000 went unclaimed — the trial court appointed NERS to locate the owner of these surplus funds. Under the statute, NERS had one year from its appointment on February 4, 2013, to locate the owner. § 45.034(6), Fla. Stat. (2013).
In the meantime, a summary administration was established in probate court for the Estate. The heirs of the Estate learned about the surplus foreclosure funds before NERS identified the heirs. Summary administration of the Estate completed on August 29, 2013. After obtaining the order of summary administration, the heirs sought disbursement of the surplus foreclosure funds, obtaining an order from the trial court for this purpose on September 24, 2013. The heirs did not provide notice to NERS of the disbursement hearing.
NERS objected to the disbursement in January of 2014. NERS sought payment from the Estate of its statutory two percent cost advance and its statutory ten percent service charge from the total foreclosure surplus. § 45.034(7), Fla. Stat. *1270 (2013). The trial court agreed with NERS and ordered the Estate to pay NERS $2,292.44, representing twelve percent of the foreclosure surplus. The Estate has challenged the order on several grounds.
We conclude that once NERS had been appointed as surplus trustee, the trial court should not have disbursed surplus foreclosure funds to the heirs without notice to NERS of the disbursement hearing. At such a hearing, the trial court has the discretion to determine the surplus trustee’s entitlement to a cost advance and service charge, even though circumstance might have contrived against the surplus trustee obtaining a disbursement order. Nat’l Equity Recovery Servs., Inc. v. Midfirst Bank, 8 So.3d 406, 408 (Fla. 4th DCA 2009). In this instance, NERS did not obtain a disbursement order because it learned, before the one-year deadline for completing its work, that the funds already had been disbursed to the heirs.
We reverse the order on appeal and remand the case to the trial court for an evidentiary hearing that will allow NERS to establish its right to a two percent cost advance and to demonstrate, based on its performance as the appointed surplus trustee, its entitlement to a service charge.
Reversed and remanded with instructions.
WELLS, J., concurs.