SHEPHERD, Senior Judge,
concurring.
I concur in the reversal of this case for further proceedings, but only on due process grounds, because it appears from the record that National Equity Recovery Services, Inc. (NERS) did not receive notice of the hearing on the order of disbursement, despite the fact that NERS had been appointed surplus trustee pursuant to section 45.032(3)(c) of the Florida Statutes more than nine months before the disbursement.
I write only to add that I believe it is premature for the majority to order an evidentiary hearing “to determine the appropriate amount of statutory fees.” NERS’ entitlement to a fee in this case is strictly governed by statute:
(7) A surplus trustee is entitled to the following service charges and fees which shall be disbursed by the clerk and payable from the surplus:
(a) Upon obtaining a court order, a cost advance of 2 percent of the surplus.
(b) Upon obtaining a court order disbursing the surplus to the owner of record, a service charge of 10 percent of the surplus.
§ 45.034(7), Fla. Stat. (2013).
Placing its primary reliance on National Equity Recovery Services, Inc. v. Midfirst Bank, 8 So.3d 406 (Fla. 4th DCA 2009), the majority suggests the requirements of the statute are discretionary. I disagree. Absent true legerdemain by the heirs or their counsel (see Maj. Op. at p. 1270 suggesting “circumstances may have contributed against the surplus trustee obtaining a disbursement order”), NERS must satisfy the plain language of section 45.034(7) in order to recover any cost advance or service fee.
National Equity Recovery Services, Inc. v. Midfirst Bank is distinguishable from the case before us because in that case, there were two competing, eligible recipients of the ten-percent service fee in question in the case. One of them, Homeworks Recovery Services had obtained the two-percent cost advance by court order in its capacity as the statutorily appointed surplus trustee as authorized by the statute in existence at the time. See § 45.034(7), Fla. Stat. (2007). The other, the same NERS that is a party to this case, secured the actual release of the surplus funds and was *1271 found by the district court to have an equal claim with Homeworks Recovery Services on the service fee in its capacity as the statutory assignee of the owner of the funds under a related provision of the surplus recovery law. See § 45.033(3), (5), Fla. Stat. (2007). It was under this set of facts that the court ordered a division of the service fee.
In this case, we do not have two competing, legally entitled entities, both of whom have performed a service. Rather, we have a single entity, NERS, which is entitled to a fee only if it satisfies certain statutory requirements. Midfirst Bank cannot be read to authorize discretionary disbursements of the statutory service fee in all circumstances.
Accordingly, on the facts of this case, I would remand for consideration of whether NERS satisfied the requirements of section 45.034(7) and, if not, whether it has any legal defense, such as legerdemain by the heirs and their counsel, for not doing so.[1]

. Since we axe unwinding the entire proceeding, the heirs should also be permitted to pose any challenges they have to the statute itself, including takings challenges.